*don*, 952 N.E.2d 182, 188 (Ind.2011) ("conclud[ing] that neither the rules of statutory construction nor the history of the enactment lead to the idea that [the statute] confers a private remedy"); *Right Reason Publ'ns v. Silva*, 691 N.E.2d 1347, 1351–52 (Ind.Ct.App.1998) (finding that I.C. § 35–46–2–1 did not include an implied right of action); *Walling v. Appel Serv. Co., Inc.*, 641 N.E.2d 647, 652–53 (Ind.Ct.App.1994) (finding no private right of action under I.C. § 13–7–4–1). Without some indication that the Legislature intended to imply a private right of action, I would not infer one.

### Conclusion

I respectfully dissent from my colleagues because I conclude DCS is immune from liability, and even if it weren't, the Notice Statute would not provide plaintiffs with a private right of action. While I do not condone DCS's conduct, I would affirm the trial court's grant of summary judgment for all defendants.

MASSA, J., concurs.

**In the Matter of Franklin A. SAFRIN, Respondent.**

**No. 29S00–1401–DI–26.**

Supreme Court of Indiana.

Jan. 16, 2014.

*PUBLISHED ORDER ACCEPTING RESIGNATION AND CONCLUDING PROCEEDING*

Respondent has tendered to this Court an affidavit of resignation from the bar of this State, pursuant to Indiana Admission and Discipline Rule 23(17), which requires an acknowledgement that there is presently pending an investigation into or a proceeding involving allegations of misconduct and that Respondent could not successfully defend himself if prosecuted.

**IT IS THEREFORE ORDERED that the resignation from the bar of this State tendered by Respondent is accepted effective immediately.** The Clerk of this Court is directed to record Respondent's resignation on the Roll of Attorneys. Respondent shall fulfill all the applicable duties under Admission and Discipline Rule 23(26)(d).

IT IS FURTHER ORDERED that any attorney disciplinary proceedings pending against Respondent are hereby dismissed as moot because of Respondent's resignation.

Respondent shall be ineligible to petition for reinstatement to the practice of law for five years from the date of this order. *See* Admis. Disc. R. 23(4)(a). If Respondent seeks reinstatement, the misconduct admitted in Respondent's affidavit of resignation, as well as any other allegations of misconduct, will be addressed in the reinstatement process. Approval of a petition for reinstatement is discretionary and may be granted only if Respondent could meet the most stringent burden of proving by clear and convincing evidence all the requirements of Admission and Discipline Rule 23(4)(b), including without limitation that he can safely be recommended to the legal profession, the courts and the public as a person fit to represent them and otherwise act in matters of trust and confidence; and that he is genuinely remorseful for his misconduct. Acceptance of Respondent's resignation from the bar serves only to remove him from the practice of law and does not relieve him from any

liability he might have for his misconduct under civil or criminal law.

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.

### In the Matter of Michael K. BONNELL, Respondent.

### No. 60S00–1401–DI–25.

Supreme Court of Indiana.

Jan. 16, 2014.

*PUBLISHED ORDER ACCEPTING RESIGNATION AND CONCLUDING PROCEEDING*

Respondent has tendered to this Court an affidavit of resignation from the bar of this State, pursuant to Indiana Admission and Discipline Rule 23(17), which requires an acknowledgement that there is presently pending an investigation into or a proceeding involving allegations of misconduct and that Respondent could not successfully defend himself if prosecuted.

**IT IS THEREFORE ORDERED that the resignation from the bar of this State tendered by Respondent is accepted effective immediately.** The Clerk of this Court is directed to record Respondent's resignation on the Roll of Attorneys. Respondent shall fulfill all the applicable duties under Admission and Discipline Rule 23(26)(d).

IT IS FURTHER ORDERED that any attorney disciplinary proceedings pending against Respondent are hereby dismissed as moot because of Respondent's resignation.

Respondent shall be ineligible to petition for reinstatement to the practice of law for five years from the date of this order. *See* Admis. Disc. R. 23(4)(a). If Respondent seeks reinstatement, the misconduct admitted in Respondent's affidavit of resignation, as well as any other allegations of misconduct, will be addressed in the reinstatement process. Approval of a petition for reinstatement is discretionary and may be granted only if Respondent could meet the most stringent burden of proving by clear and convincing evidence all the requirements of Admission and Discipline Rule 23(4)(b), including without limitation that he can safely be recommended to the legal profession, the courts and the public as a person fit to represent them and otherwise act in matters of trust and confidence; and that he is genuinely remorseful for his misconduct. Acceptance of Respondent's resignation from the bar serves only to remove him from the practice of law and does not relieve him from any liability he might have for his misconduct under civil or criminal law.

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the